**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                        Case No.:    3:11-cr-138-J-32JRK-5

CASEY KEITH SHULER

_____/

**ORDER**

This case is before the Court on Defendant Casey Keith Shuler's emergency Motion for Compassionate Release (Doc. 440) and counsel's affidavit (Doc. 441). Defendant is a 44-year-old inmate incarcerated at Yazoo City Low FCI, serving a 144-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine. (Doc. 266, Judgment; Doc. 412, Order Granting Sentence Reduction Under Amendment 782). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on December 11, 2021. Defendant seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because he claims to have spinal meningitis.

The United States opposes the Motion because Defendant did not exhaust his administrative remedies, because Defendant has not demonstrated extraordinary and compelling circumstances, because the BOP is taking

1

significant measures to respond to the Covid-19 crisis, and because the § 3553(a) factors do not support a reduction in sentence. (Doc. 443, Response).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[1] A movant for

---

[1] The policy statement provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

The Court assumes, for the sake of discussion, that Defendant submitted a request for compassionate release to the warden of his facility on April 8, 2020 (Doc. 440 at 3), such that he satisfied § 3582(c)(1)(A)'s 30-day exhaustion alternative. Nevertheless, Defendant has not established "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals recently observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States

---

**(1)**    **(A)** Extraordinary and compelling reasons warrant the reduction; or
       **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
**(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Defendant claims that he either currently has or formerly had spinal meningitis (Doc. 440 at 2, 3-4, 6), but he offers no medical records verifying that he currently suffers from spinal meningitis. According to the Presentence Investigation Report (PSR), Defendant had a bout of spinal meningitis 23 years ago, in 1997. PSR at ¶ 83. But there is no evidence that Defendant suffers a lingering disability from that infection. The lack of evidence matters because a movant under § 3582(c) bears the burden of proving he is eligible for relief. Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337. Indeed, the BOP classifies Defendant as a care level 1 inmate, meaning he is under the age of 70 and generally healthy. (See Doc. 443 at 11-12). Thus, Defendant has not shown that he suffers from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, Defendant is not eligible for compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not support a further reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.[2] As reflected in the

---

[2] On June 8, 2016, the Court reduced Defendant's term of imprisonment from 180 months to 144 months based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Doc. 412).

4

PSR, Defendant participated in a major drug trafficking conspiracy involving a drug cartel and over 50 kilograms of cocaine. PSR at ¶¶ 5-29, 35, 42. In view of all the § 3553(a) factors, further reducing Defendant's sentence would not be consistent with the statutory purposes of sentencing.

Accordingly, Defendant's emergency Motion for Compassionate Release (Doc. 440) is **DENIED**.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of July, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[3] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).